UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD COWART, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-02579-SEB-DLP ) |
| MARK SEVIER Warden, | ) ) |
| Respondent. | ) ) |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

In his petition for writ of habeas corpus, petitioner Richard Cowart challenges his 2002 Marion County, Indiana, conviction for child molesting. The respondent argues that the petition must be denied because it is time-barred. Mr. Cowart's motion to correct his response, dkt. [11], is **granted** and his motion to strike the respondent's reply, dkt. [10], is **denied**. However, the Court will consider the arguments made by Mr. Cowart in his motion to strike when ruling on the motion to dismiss.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [7], is **granted**, Mr. Cowart's petition for a writ of habeas corpus is **denied**, and the action is dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

Mr. Cowart was charged with Class A felony child molesting, Class D felony child exploitation, and Class A misdemeanor possession of child pornography after his wife found pictures of him sexually assaulting her five-year-old daughter; in one of these pictures, the couple's three-year-old daughter was present. Mr. Coward was found guilty of these charges and sentenced to fifty years in the Indiana Department of Correction.

The Indiana Court of Appeals denied Mr. Cowart's appeal and the Indiana Supreme Court denied his petition to transfer. Dkt. 7-8 at 5. The United States Supreme Court denied certiorari on December 8, 2003. *Cowart v. Indiana*, 540 U.S. 1079 (2003).

Mr. Cowart filed his first petition for post-conviction relief on December 20, 2004. The post-conviction court denied the petition, the Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied transfer on February 22, 2008. Dkt. 7-1 at 24, 34; dkt. 7-14 at 5-6.

Twelve years later, on August 24, 2020, the Indiana Court of Appeals issued an opinion in *Mehringer v. State*, 152 N.E.3d 667 (Ind. Ct. App. 2020). In that case, the defendant was convicted of Level 3 felony child molesting and sentenced to eleven years, with nine years executed at the Indiana Department of Correction and two years suspended to probation, after he digitally penetrated his 13-year-old stepdaughter. *Id.* The Indiana Court of Appeals affirmed Mehringer's conviction and sentence. *Id.*

On December 23, 2020, Mr. Cowart sought permission from the Indiana Court of Appeals to pursue a successive petition for post-conviction relief based on the *Mehringer* opinion. Dkt. 7-20. His request was denied on January 15, 2021, and his motion for rehearing was denied on February 25, 2021. *Id*.

Mr. Cowart then filed his federal habeas petition on September 21, 2021. Dkt. 1 at 13. He raises one ground for relief based on the Equal Protection Clause of the Fourteenth Amendment. He argues that *Mehringer* is a factual predicate for his claim because it shows that a similarly situated defendant over the age of 21 was charged with a lesser crime[1] and therefore received a lower sentence for similar conduct. *See* dkt. 3 at 28.

---

[1] Mr. Cowart was convicted of a Class A felony, which is equivalent to a current Class 1 felony—the most serious class aside from murder.

2

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000).

"Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

## III. Discussion

Mr. Cowart does not dispute that his petition is time-barred under § 2244(d)(1)(A). Instead, he argues that his petition is timely under § 2244(d)(1)(D), which allows claims within one year of the date that the factual predicate of a habeas claim could have reasonably been discovered, and § 2244(d)(2), which stops the clock while a 'properly filed' application for state postconviction relief 'is pending').

This argument is unpersuasive. A request to file a successive petition does not toll the statute of limitations unless the state court grants the request. *Martinez v. Jones*, 556 F.3d 637, 638–39 (7th. Cir. 2009). Mr. Cowart argues that *Martinez*, and the case it relies on—*Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001) — are "bad law" and should be overruled. Dkt. 11 at 1-2. This Court follows Seventh Circuit precedent and thus finds that Mr. Cowart's deadline was not tolled while he sought and was denied permission to file a successive petition in state court.

Further, § 2244(d)(1)(D) does not apply because *Mehringer* does not supply the factual predicate for Mr. Cowart's claim. The Seventh Circuit has held that a state court's clarification of

3

the law in a case unrelated to the petition does not constitute a factual predicate because it is not "a fact within [the petitioner]'s own litigation history that changed his legal status." *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). "Section 2244(d)(1)(C), the primary vehicle through which court decisions restart the limitations period, provides that the decision must involve a constitutional right recognized by the Supreme Court, and that the Court must make the right retroactively applicable to cases on collateral review." *Id*. at 575-576. To allow any state court decision to serve as a factual predicate would nullify the limitations of § 2244(d)(1)(C).

Also, nothing in *Mehringer* would entitle Mr. Cowart to habeas relief. He argues that the case demonstrates that Indiana law violates the Equal Protection Clause because the defendant in *Mehringer* was similarly situated to Mr. Cowart—both were over 21 years of age and accused of similar conduct—but the defendant in *Mehringer* was charged with a lesser felony and received a lesser sentence than Mr. Cowart. It is well-established that "when multiple criminal statutes apply to the same conduct, a prosecutor has discretion to choose under which statute to proceed." *United States v. Anzaldi*, 800 F.3d 872, 881 (7th Cir. 2015).

Finally, even assuming that Mr. Cowart's petition is governed by § 2244(d)(1)(D), it would still be barred by the one-year statute of limitations, because the petition would have been due on August 24, 2021, and was not filed until September 21, 2021.

To summarize, Mr. Cowart's conviction and sentence became final when the United States Supreme Court denied certiorari on December 8, 2003. Section 2244(d)(1)(A)'s one-year period of limitation began running on December 9, 2003, and continued to run until it expired on December 9, 2004. Accordingly, the respondent's motion to dismiss is **granted**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist would dispute that Mr. Cowart's petition is barred by the statute of limitations. Therefore, a certificate of appealability is **denied**.

### V. Conclusion

Mr. Cowart's motion to strike the respondent's reply, dkt. [10], is **denied**, and his motion to correct his response, dkt. [11], is **granted**. The respondent's motion to dismiss, dkt. [7], is **granted**. Mr. Cowart's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed with prejudice as time-barred** and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

IT IS SO ORDERED.

Date: 9/28/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD COWART
113829
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov